IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ANTONIO SMITH                                                                                             PLAINTIFF
ADC #118127

v.                                         4:22CV00681-BRW-JTK

AARON ROGERS, et al.                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.     Introduction**

Antonio Smith ("Plaintiff") is in custody at the Grimes Unit of the Arkansas Division of Correction. He filed a pro se civil action under 42 U.S.C. § 1983, as well as a Motion to Proceed In Forma Pauperis, which was granted. (Doc. Nos. 1-3). The Court screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and found that Plaintiff failed to state a claim upon which relief may be granted. (Doc. No. 3). Plaintiff was given the opportunity to file an Amended Complaint to cure the deficiencies in his pleading. (Id.).

Plaintiff has filed an Amended Complaint. (Doc. No. 4). As explained below, Plaintiff's Amended Complaint fails to state a claim on which relief may be granted. Accordingly, the Court recommends Plaintiff's Amended Complaint be dismissed without prejudice.

## II. Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III. Discussion

Plaintiff sued ADC Director Dexter Payne, Deputy Director William Straughn, Assistant Warden John Moss, Major Aaron Rogers, Disciplinary Judge Keith Waddle, Disciplinary Hearing Director Raymond Naylor, and Grievance Coordinator Shurika Bown (collectively, "Defendants") in their personal and official capacities. (Doc. No. 4 at 1-2). Plaintiff's claims in this case arise

out of the disciplinary actions taken against Plaintiff in connection with a conversation he had with Officer Delgado, not a party to this action. Plaintiff alleges double jeopardy, violation of prison rules, negligence, violation of AR-014, violation of Plaintiff's due process rights, and falsification of documents. (Id. at 6).

Plaintiff received a disciplinary; the disciplinary report was written by Karrie Delgado. (Id. at 6, 15). In the report, Delgado complained of inappropriate remarks Plaintiff made to her. (Id. at 15). According to Plaintiff, Delgado's report was "written right." (Id. at 6). Plaintiff says he "wrote a statement on the 21st Day of March concerning the inappropriate conversation that [Plaintiff] and Karrie Delgado [were] having." (Id.). Then on March 29, 2022, Plaintiff received another major disciplinary. (Doc. No. 4 at 6).

Plaintiff takes issue with the second disciplinary, which was written by Arron Rogers. (Id.). According to Plaintiff, the disciplinary "does not include specific details and does not include the who, what, when, how, and why the charge is brought." (Id. at 6-7). Further, Plaintiff maintains Rogers was not the charging person with the most knowledge of the event. (Id. at 7). Plaintiff also maintains prison rules were not followed in deciding this disciplinary. (Id.). And Plaintiff alleges Defendant Aaron falsified the documents. (Id.).

As a result of the disciplinary, Plaintiff received 60-day commissary restriction, 60-day phone restriction, and 60-day visitation restriction. (Doc. No. 4 at 7). Plaintiff also last good time in the amount of 150 days. (Id.). Plaintiff seeks damages, among other relief. (Id. at 9).

As explained below, Plaintiff's Complaint as currently pled fails to state a claim on which relief may be granted.

    **A.**    **Official Capacity Claims**

Plaintiff sued Defendants in their personal and official capacities seeking damages, among other relief. "A suit against a government officer in his official capacity is functionally equivalent

to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, Plaintiff's official capacity damages claims against Defendants are the equivalent of claims against the state of Arkansas and are barred by Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

### B.     Personal Capacity Claims

Plaintiff brought suit under 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

#### 1.     Due Process

Plaintiff claims the disciplinary process in connection with the second disciplinary violated his due process rights. As mentioned above, Plaintiff lost commissary, phone, and visitation privileges for 60 days. The safeguards of the due process clause are triggered when a protected liberty interest is at issue. Sandin v. Conner, 515 U.S. 472, 484 (1995); Phillips v. Norris, 320 F.3d 844, 846-47 (8th Cir. 2003). The due process clause applies only when prison officials impose "atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 485. A sixty-day suspension of commissary, phone, and visitation privileges is not an atypical and significant hardship. See Kennedy v. Blankenship, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996).

Plaintiff also lost good time credit in the amount of 150 days as a result of the second disciplinary. A prisoner has a liberty interest in good time earned. Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974). Nonetheless, Plaintiff's due process claim fails.

Pursuant to Heck v. Humphrey, a claim based on the invalidity of a conviction, continued imprisonment, or sentence that has not been invalidated is not cognizable. 512 U.S. 477, 486-87. The Supreme Court of the United States explained:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id.

Heck is applicable to claims arising from prison disciplinary proceedings when good time is lost as a result. Anderson v. Kelley, 859 Fed. Appx. 13, 14 (8th Cir. 2021). Such is the case here. Because Plaintiff's due process claim challenges a disciplinary proceeding that resulted in the loss of good time, his due process claim is Heck-barred.

    **2.**    **Violation of Prison Rules**

The violation of prison rules and polices, including AR-14, without more, does not rise to the level of a constitutional violation. Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003); Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997) ("there is no § 1983 liability for violating prison policy"). The Court advised Plaintiff of this law when giving him the chance to amend his complaint. As set out above, Plaintiff's due process claim fails. Plaintiff did not allege that other

constitutional rights were violated. As such, Plaintiff's allegations that Defendants violated prison rules fails to state a claim on which relief may be granted.

### 3. Double Jeopardy

Plaintiff asserts that he received two disciplinaries in connection with the same inappropriate conversation with Delgado.

As explained by the United States Supreme Court, the Double Jeopardy Clause

> protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

North Carolina v. Pearce, 395 U.S. 711, 717 (1969). However, "administrative proceedings based upon violation of prison disciplinary rules . . . do not place an offender in jeopardy for purposes of the double jeopardy clause." Kerns v. Parratt, 672 F.2d 690, 691 (8th Cir. 1982) (per curiam). Because Plaintiff's double jeopardy claims arise from violation of prison disciplinary rules, Plaintiff failed to state a double jeopardy claim on which relief may be granted.

### 4. Negligence

Plaintiff maintains that Defendants were negligent. But "[m]ere negligence is not sufficient to support a cause of action under § 1983." Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993). Accordingly, Plaintiff's negligence claim fails.

### 5. Falsifying Documents

Plaintiff alleged Defendant Rogers falsified documents during the disciplinary procedure. To the extent this claim is in addition to Plaintiff's claim that prison rules and policies were not followed during the disciplinary procedure, this claim nonetheless fails. A false disciplinary, without more, does not rise to the level of a constitutional violation. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). Moreover, this challenge is also Heck-barred.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2. The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 8th day of September, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."